**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **GRACE GARZA-LAURELES,** **Individually and on behalf** **of all others similarly situated,** §§§§§ | Civil Action No. _____ |
| *Plaintiff,* §§§ | **JURY TRIAL DEMANDED** |
| **v.** §§§ | **COLLECTIVE ACTION** **PURSUANT TO 29 U.S.C. § 216(b)** |
| **LAB LOGISTICS LLC,** §§§ | |
| *Defendant.* §§§§ | **CLASS ACTION** **PURSUANT TO FED. R. CIV. P. 23** |

## <u>ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT</u>

Plaintiff—Grace Garza-Laureles—brings this action individually and on behalf of all current and former Couriers (collectively, "Plaintiff and the Putative Collective/Class Members") who worked for Defendant—Lab Logistics LLC ("Lab Logistics")—and were paid a day rate but no overtime, at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201—19, and unpaid overtime, liquidated damages, penalty fees, and attorneys' fees and costs pursuant to Colorado Wage Claim Act, C.R.S. §§ 8-4-101–127 ("CWCA"); the Colorado Wage Rules and Regulations, 7 Colo. Code Regs. § 1103-1.1–1.8 ("CWRR") (the CWCA and CWRR are collectively referred to as the "Colorado Acts").

### I.
### OVERVIEW

1.     This is a collective action to recover overtime wages, liquidated damages, and other applicable penalties brought pursuant to the FLSA, and a class action pursuant to the state laws of

Colorado under Federal Rule of Civil Procedure 23(b)(3) to recover overtime wages, liquidated damages, and other applicable penalties.

2.      Plaintiff and the Putative Collective/Class Members are those current and former Couriers who worked for Lab Logistics, anywhere in the United States, at any time from March 27, 2023, through the final disposition of this matter, and were paid a day rate for each day worked, but did not receive overtime for hours worked over forty (40) in each workweek.

3.      Although Plaintiff and the Putative Collective/Class Members have routinely worked (and continue to work) in excess of forty (40) hours per workweek, Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

4.      During the relevant time period, Lab Logistics knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members overtime compensation for all hours worked in excess of forty (40) hours each workweek.

5.      Specifically, Lab Logistics' regular practice—including during weeks when Plaintiff and the Putative Collective/Class Members worked and recorded hours in excess of forty (40)—was (and is) to misclassify Plaintiff and the Putative Collective/Class Members as independent contractors and to pay them a day rate but no overtime for hours worked in excess of forty (40) hours.

6.      Plaintiff and the Putative Collective/Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

7. The effect of Lab Logistics' practices were (and are) that it failed to properly compensate Plaintiff and the Putative Collective/Class Members for all hours worked in excess of forty(40) hours at the rates required by the FLSA and the Colorado Acts.

8. Lab Logistics knowingly and deliberately failed to compensate Plaintiff and the Putative Collective/Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

9. Plaintiff and the Putative Collective/Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the Colorado Acts.

10. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all unpaid overtime, liquidated damages, and other damages owed under the Colorado Acts as a class action pursuant to FED. R. CIV. P. 23.

11. Plaintiff prays that all similarly situated workers (Putative Collective/Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Garza-Laureles named as the Class Representative.

## II.
## THE PARTIES

13. Plaintiff—Grace Garza-Laureles ("Garza-Laureles")—worked for Lab Logistics in Colorado within the relevant time period. Plaintiff Garza-Laureles did not receive overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

---

[1] The written consent of Grace Garza-Laureles is attached hereto as Exhibit A.

14.     The FLSA Collective Members are those current and former Couriers who worked for Lab Logistics, anywhere in the United States, at any time since March 27, 2023, and have been subjected to the same illegal pay system under which Plaintiff Garza-Laureles worked and was paid.

15.     The Colorado Class Members are those current and former Couriers who worked for Lab Logistics, in the State of Colorado, at any time from March 27, 2023, through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Garza-Laureles worked and was paid.

16.     Lab Logistics LLC is a foreign limited liability company, licensed to and doing business in Connecticut, and may be served through its registered agent for service of process: **Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, Connecticut, 06103.**

### III.
### JURISDICTION & VENUE

17.     This Court has federal question jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201—19.

18.     This Court has supplemental jurisdiction over the additional Colorado state law claims pursuant to 29 U.S.C. § 1367.

19.     Plaintiff has not entered into an arbitration agreement that would affect the Court's subject-matter jurisdiction.

20.     This Court has general personal jurisdiction over Lab Logistics because their corporate headquarters are located in West Haven, Connecticut.

21.     Venue is proper pursuant to 28 U.S.C. § 1391 in the District of Connecticut because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

22.     Specifically, Lab Logistics maintains their corporate headquarters in West Haven, Connecticut, which is located within this District and Division.

**IV.**
**BACKGROUND FACTS**

23.     Lab Logistics is a specialized medical courier service focused on the secure, compliant, and timely transportation of biological specimens, laboratory samples, and medical devices between doctors' offices, clinics, hospitals, and laboratories.[2]

**Plaintiff and the Putative Collective/Class Members are Similarly Situated**

24.     To provide their services, Lab Logistics employed numerous workers who were paid a day rate only and no overtime—including Plaintiff and the individuals that make up the putative collective and class.

25.     Plaintiff and the Putative Collective/Class Members were employed by Lab Logistics as Couriers who were (mis)classified as independent contractors and paid a day rate but no overtime.

26.     Plaintiff and the Putative Collective/Class Members were responsible for the collection, transportation, and delivery of biological specimens, laboratory samples, and medical devices on behalf of Lab Logistics' customers.

27.     While exact job titles may differ, these, non-exempt workers were subjected to the same or similar illegal pay practices for similar work in the medical specimen delivery field.

---

[2] https://www.lablogistics.com/.

28.    Importantly, none of the FLSA exemptions relieving a covered employer (such as Lab Logistics) of the statutory duty to pay its employees overtime at one and one-half times the regular rate of pay apply to Plaintiff or the Putative Collective/Class Members.

29.    Plaintiff Garza-Laureles worked for Lab Logistics as a Courier in Colorado from approximately September 2025 until February 2026.

30.    Lab Logistics paid Plaintiff and the Putative Collective/Class Members a day rate for each day worked. That is, Plaintiff and the Putative Collective/Class Members did not get paid if they did not work.

31.    During their respective employment with Lab Logistics, Plaintiff and the Putative Collective/Class Members typically worked five (5) to six (6) days a week, and approximately nine (9) to ten (10) hours per day.

32.    Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties, their pay structure, and the policies (and practices) of Lab Logistics resulting in the complained of FLSA and Colorado Acts violations.

33.    Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their job duties – that is, they all collected, transported, and delivered biological specimens, laboratory samples, and medical devices on behalf of Lab Logistics' customers.

34.    Plaintiff and the Putative Collective/Class Members are similarly situated with respect to their pay structure – that is, they are (or were) all paid on a day rate basis and were not paid overtime for hours worked in excess of forty (40) each workweek.

35.    Plaintiff and the Putative Collective/Class Members are similarly situated with respect to Lab Logistics' policies (and practices) resulting in the complained of FLSA and Colorado Acts violations.

**Plaintiff and the Putative Collective/Class Members are Employees**

36. Lab Logistics misclassified Plaintiff and the Putative Collective/Class Members as independent contractors and denied them overtime compensation for all hours worked in excess of forty (40) each workweek.

37. Based on the schedules set by Lab Logistics, Plaintiff and the Putative Collective/Class Members worked more than forty (40) hours nearly every (if not every) workweek that they performed services for Lab Logistics.

38. Plaintiff and the Putative Collective/Class Members were employees (and not independent contractors) of Lab Logistics, as they were not in business for themselves and were economically dependent on Lab Logistics.

39. Plaintiff and the Putative Collective/Class Members conducted their day-to-day activities within mandatory and designed parameters and in accordance with pre-determined operational plans created by Lab Logistics and/or their clients.

40. Specifically, Lab Logistics created the work assignments and chose which work assignment Plaintiff and the Putative Collective/Class Members would perform for the day.

41. Lab Logistics assigned routes and deliveries to Plaintiff and the Putative Collective/Class Members at will.

42. Lab Logistics dictated how each pick-up and delivery was to be performed by the Plaintiff and the Putative Collective/Class Members.

43. Lab Logistics chose which pick-ups and deliveries that each Plaintiff and the Putative Collective/Class Members were to handle each day.

44.    Lab Logistics could (and did) change the priority of which tasks the Plaintiff and the Putative Collective/Class Members were to work on at any time by changing their assigned pick-ups and deliveries.

45.    Plaintiff and the Putative Collective/Class Members were prohibited from varying their job duties outside of the predetermined parameters set by Lab Logistics and/or their clients.

46.    Specifically, Plaintiff and the Putative Collective/Class Members were directed as to what tasks to work on each day and were not allowed to prioritize projects on their own.

47.    Plaintiff and the Putative Collective/Class Members were required by Lab Logistics to wear a Lab Logistics uniform.

48.    Lab Logistics provided specific guidelines as to how Plaintiff and the Putative Collective/Class Members would perform their pick-up and deliveries, including what equipment to use, how to store lab specimens, and how to interact with Lab Logistics' customers.

49.    Moreover, Plaintiff and the Putative Collective/Class Members' job functions were primarily routine in nature, requiring little to no official training, much less a college education or other advanced degree.

50.    The work performed by Plaintiff and the Putative Collective/Class Members was integral to Lab Logistics' business.

51.    Specifically, Plaintiff and the Putative Collective/Class Members provided the primary service that Lab Logistics offered and sold to their clients.

52.    Lab Logistics determined the hours Plaintiff and the Putative Collective/Class Members worked.

53.    Specifically, Lab Logistics determined which days Plaintiff and the Putative Collective/Class Members would be assigned their respective pick-ups and deliveries.

54. Lab Logistics also set the time of the first pickup for each day.

55. Lab Logistics typically required Plaintiff and the Putative Collective/Class Members to work at least forty-five (45) hours each workweek.

56. Lab Logistics set Plaintiff and the Putative Collective/Class Members' pay (day rate and no overtime) and controlled the number of hours they worked on a weekly basis.

57. Plaintiff and the Putative Collective/Class Members' earnings were completely controlled by Lab Logistics.

58. Lab Logistics altered daily work schedules at will.

59. Lab Logistics set all employment-related policies applicable to Plaintiff and the Putative Collective/Class Members.

60. Lab Logistics maintained control over pricing and marketing for the services provided to their clients.

61. Lab Logistics owned or controlled most (if not all) of the tools, equipment, and supplies that Plaintiff and the Putative Collective/Class Members used to perform their work for Lab Logistics and/or their clients.

62. Lab Logistics had the power to (and did) hire and fire Plaintiff and the Putative Collective/Class Members.

63. Lab Logistics made all personnel and payroll decisions with respect to Plaintiff and the Putative Collective/Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Collective/Class Members a day rate with no overtime pay.

64. Plaintiff and the Putative Collective/Class Members did not employ their own workers.

Case 3:26-cv-00466-SRU  Document 1  Filed 03/27/26  Page 10 of 23

65. Plaintiff and the Putative Collective/Class Members worked continuously and exclusively for Lab Logistics on a permanent full-time basis.

66. Lab Logistics, instead of Plaintiff and the Putative Collective/Class Members, made the large capital investments in marketing, sales, leases, buildings, equipment, tools, and supplies.

67. Plaintiff and the Putative Collective/Class Members relied exclusively on Lab Logistics for their work.

68. Plaintiff and the Putative Collective/Class Members did not market any business or services of their own.

69. Instead, Plaintiff and the Putative Collective/Class Members worked the days and hours assigned by Lab Logistics, performed duties assigned by Lab Logistics, worked on projects assigned by Lab Logistics, and worked for the benefit of Lab Logistics and their customers.

70. Plaintiff and the Putative Collective/Class Members did not earn a profit based on any business investment of their own.

71. Rather, Plaintiff and the Putative Collective/Class Members' only earning opportunity was their pre-determined day rate which was set by Lab Logistics and not subject to negotiation.

72. Nor did Plaintiff and the Putative Collective/Class Members bear any risk of loss associated with their work.

73. Lab Logistics improperly classified Plaintiff and the Putative Collective/Class Members as independent contractors.

74. The classification was improper because Plaintiff and the Putative Collective/Class Members were not in business for themselves.

75. Instead, they were economically dependent upon Lab Logistics for their work.

Original Collective/Class Action Complaint                    Page 10 of 21

76.     The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

77.     Plaintiff and the Putative Collective/Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

78.     Specifically, Plaintiff and the Putative Collective/Class Members regularly worked in excess of forty-five (45) hours each workweek.

79.     Lab Logistics applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Collective/Class Members were Lab Logistics' employees, and not independent contractors.

80.     As a result of Lab Logistics' misclassification of Plaintiff and the Putative Collective/Class Members as independent contractors, Plaintiff and the Putative Collective/Class Members worked overtime hours for which they were not compensated at the rates required by the FLSA.

81.     When Plaintiff and the Putative Collective/Class Members worked five (5) or more nine-hour shifts in a week, they were not paid for five (5) hours of compensable overtime work.

82.     As further example, in Plaintiff Garza-Laureles' second to last week of employment, she worked approximately forty-eight (48) hours. As a result of Lab Logistics' misclassification, Plaintiff Garza-Laureles was not paid for eight (8) hours of overtime that week.

83.     Lab Logistics knew or should have known they were not (and are not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA and the Colorado Acts.

84.     Lab Logistics' actions therefore constitute willful violations under the law and were not made in good faith.

85. Lab Logistics' failure to pay Plaintiff and the Putative Collective/Class Members overtime compensation at a rate of one and one-half times their regular rates of pay violated (and continues to violate) the FLSA and the Colorado Acts.

86. Lab Logistics knew or should have known they were not (and are not) compensating Plaintiff and the Putative Collective/Class Members for the proper amount of overtime compensation in violation of the FLSA and the Colorado Acts.

87. Lab Logistics knew or should have known their failure to pay overtime to Plaintiff and the Putative Collective/Class Members would cause, did cause, and continues to cause financial injury to Plaintiff and the Putative Collective/Class Members.

88. Because Lab Logistics did not pay Plaintiff and the Putative Collective/Class Members time and a half for all hours worked in excess of forty (40) in a workweek, Lab Logistics' pay policies and practices willfully violated (and continue to violate) the FLSA and the Colorado Acts.

89. Plaintiff and the Putative Collective/Class Members seek to recover all unpaid overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and all unpaid overtime, liquidated damages, and statutory penalties pursuant to the Colorado Acts as a class action pursuant to FED. R. CIV. P. 23.

**V.**
**CAUSES OF ACTION**

**<u>COUNT ONE</u>**
**(Collective Action Alleging FLSA Violations)**

**A.    FLSA COVERAGE**

90. All previous paragraphs are incorporated as though fully set forth herein.

91.    The "FLSA Collective" and "FLSA Collective Members" are defined as:

**ALL CURRENT AND FORMER COURIERS WHO WORKED FOR LAB LOGISTICS LLC, ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM MARCH 27, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME ("FLSA Collective Members").**

92.    At all material times, Lab Logistics has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

93.    At all material times, Lab Logistics has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

94.    At all material times, Lab Logistics has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had, and has, employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

95.    Specifically, Lab Logistics employed (and continues to employ) hundreds (if not thousands) of non-exempt employees to provide delivery services throughout the United States, provides delivery services and solutions within the United States, purchases materials through commerce, transports materials through commerce and on the interstate highways, and conducts transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet.

96. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Lab Logistics, these individuals provided services for Lab Logistics that involved interstate commerce for purposes of the FLSA.

97. In performing work for Lab Logistics, Plaintiff and the FLSA Collective Members were (and continue to be) engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

98. Specifically, Plaintiff and the FLSA Collective Members are (or were), non-exempt employees who assisted Lab Logistics' customers throughout the United States by picking up and delivering medical goods. 29 U.S.C. § 203(j).

99. The proposed collective of similarly situated employees—that is, the FLSA Collective sought to be certified pursuant to 29 U.S.C. § 216(b) is defined in Paragraph 91.

100. The precise size and identity of the FLSA Collective should be ascertainable from the business records, tax records, and/or employee or personnel records of Lab Logistics.

**B.    FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

101. Lab Logistics violated provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates.

102. Moreover, Lab Logistics knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation for all hours worked over forty (40) each week. 29 U.S.C. § 255(a).

103. Lab Logistics knew or should have known their pay practices were in violation of the FLSA.

104. Lab Logistics is a sophisticated party and employer, and therefore knew (or should have known) their policies were in violation of the FLSA.

105. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Lab Logistics to pay overtime in accordance with the law.

106. The decision and practice by Lab Logistics to not pay Plaintiff and the FLSA Collective Members overtime for all hours worked over forty (40) each week was willful and not reasonable or in good faith.

107. Accordingly, Plaintiff and the Putative Collective Members are entitled to overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.     FLSA COLLECTIVE ACTION ALLEGATIONS**

108. All previous paragraphs are incorporated as though fully set forth herein.

109. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings this action collectively on behalf of Lab Logistics' employees who are (or were) similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

110. Other similarly situated employees have been victimized by Lab Logistics' patterns, practices, and policies, which are in willful violation of the FLSA.

111. The FLSA Collective is defined in Paragraph 91.

112. Lab Logistics' failure to pay any overtime compensation results from generally applicable policies and practices and does not depend on the personal circumstances of the

individual FLSA Collective Members.

113.    Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

114.    The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

115.    All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked in excess of forty (40) hours per workweek.

116.    Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

117.    Absent a collective action, many members of the proposed FLSA Collective likely will not obtain redress of their injuries and Lab Logistics will retain the proceeds of their rampant violations.

118.    Moreover, individual litigation would be unduly burdensome to the judicial system.

119.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the FLSA Collective and provide for judicial consistency.

120.    Accordingly, the FLSA Collective of similarly situated plaintiffs should be certified as defined as in Paragraph 91 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Colorado Acts)

A.    COLORADO ACTS COVERAGE

121.    All previous paragraphs are incorporated as though fully set forth herein.

122. The Colorado Class is defined as:

**ALL CURRENT AND FORMER COURIERS WHO WORKED FOR LAB LOGISTICS LLC, ANYWHERE IN THE STATE OF COLORADO, AT ANY TIME FROM MARCH 27, 2023, THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND WERE PAID A DAY RATE BUT DID NOT RECEIVE OVERTIME ("Colorado Class Members").**

123. At all material times, Lab Logistics has been an "employer" as defined by the Colorado Acts. C.R.S. § 8-4-101(6).

124. At all material times, Plaintiff Garza-Laureles and the Colorado Class Members were Lab Logistics' "employees" as defined within the Colorado Acts. C.R.S. § 8-4-101(5).

125. Lab Logistics—the "employer"—is not exempt from paying wages and overtime benefits under the Colorado Acts.

**B.      FAILURE TO PAY WAGES IN ACCORDANCE WITH THE COLORADO ACTS**

126. All previous paragraphs are incorporated as though fully set forth herein.

127. Lab Logistics owes Plaintiff Garza-Laureles and the Colorado Class Members "wages," as defined in the Colorado Acts, to compensate them for labor rendered to Lab Logistics. *See* C.R.S. § 8-4-101(14).

128. The Colorado Acts require employers, like Lab Logistics, to pay employees overtime for hours worked in excess of twelve (12) hours in a single workday and for all hours worked in excess of forty (40) hours each workweek. *See* 7 Colo. Code Regs. § 1103-1:4.

129. In violation of the Colorado Acts, Lab Logistics willfully failed to pay Plaintiff Garza-Laureles and the Colorado Class Members overtime compensation due and owing to them as required under the Colorado Acts.

130. Specifically, Lab Logistics failed to pay Plaintiff Garza-Laureles and the Colorado Class Members were not paid overtime of at least one and one-half their regular rates for all hours

worked in excess of forty (40) hours per workweek or for all hours worked in excess of twelve (12) hours in a day—as required under the Colorado Acts.

131. In violating the Colorado Acts, Lab Logistics acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Colorado law.

132. As a direct and proximate result of Lab Logistics' willful conduct, Plaintiff Garza-Laureles and the Colorado Class Members have suffered (and continue to suffer) substantial losses, and have been deprived of compensation to which they are entitled damages, including liquidated damages and reasonable attorneys' fees pursuant to the Colorado Acts. *See* COLO. REV. STAT. ANN. § 8-4-109(3)(B); § 8-4-110.

133. Lab Logistics is in possession and control of necessary documents and information from which Plaintiff Garza-Laureles would be able to precisely calculate damages.

134. The proposed class of putative class members sought to be certified pursuant to the Colorado Acts is defined in Paragraph 122.

135. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Lab Logistics.

**C.    COLORADO CLASS ACTION ALLEGATIONS**

136. Plaintiff Garza-Laureles and the Colorado Class Members bring their Colorado Acts claims as a class action pursuant to FED R. CIV. P. 23 on behalf of all similarly situated individuals employed by Lab Logistics who worked in Colorado at any time since March 27, 2023 through the final disposition of this matter.

137. Class action treatment of Plaintiff Garza-Laureles and the Colorado Class Members' claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

138. The number of Colorado Class Members is so numerous that joinder of all class members is impracticable.

139. Plaintiff Garza-Laureles's Colorado state-law claims share common questions of law and fact with the claims of the Colorado Class Members.

140. Plaintiff Garza-Laureles is a member of the Colorado Class, her claims are typical of the claims of other Colorado Class Members, and she has no interests that are antagonistic to or in conflict with the interests of other Colorado Class Members.

141. Plaintiff Garza-Laureles and her counsel will fairly and adequately represent the Colorado Class Members and their interests.

142. Class certification is appropriate under Rule 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Accordingly, the Colorado Class should be certified as defined in Paragraph 122.

## VI.
## RELIEF SOUGHT

143. Plaintiff respectfully prays for judgment against Lab Logistics as follows:

a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 91 and requiring Lab Logistics to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all potential collective action members;

b. For an Order approving the form and content of a notice to be sent to all potential FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

c.      For an Order pursuant to Section 16(b) of the FLSA finding Lab Logistics liable for unpaid overtime wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

d.      For an Order certifying the Colorado Class as defined in Paragraph 122, and designating Plaintiff Garza-Laureles as Representative of the Colorado Class;

e.      For an Order pursuant to the Colorado Acts awarding Plaintiff and the Colorado Class Members unpaid overtime and all other damages allowed by law;

f.      For an Order awarding the costs and expenses of this action;

g.      For an Order awarding attorneys' fees;

h.      For an Order awarding pre-judgment and post-judgment interest at the maximum legal rate;

i.      For an Order awarding the Plaintiff a service award as permitted by law;

j.      For an Order compelling the accounting of the books and records of Lab Logistics, at Lab Logistics' own expense, should discovery prove inadequate; and

k.      For an Order granting all other proper relief.

Date:   March 27, 2026                    Respectfully submitted,

**PLAINTIFF, GRACE GARZA-LAURELES**

By:   */s/ Richard E. Hayber*
          Richard E. Hayber
          **Hayber, McKenna & Dinsmore, LLC**
          750 Main Street, Suite 904
          Hartford, CT 06103
          Juris No. 426871
          Tel: (860) 522-8888
          Fax: (860) 218-9555
          rhayber@hayberlawfirm.com
          Attorney for Plaintiff

**ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
                **Clif Alexander** (*pro hac vice anticipated*)
                Texas Bar No. 24064805
                clif@a2xlaw.com
                **Austin Anderson** (*pro hac vice anticipated*)
                Texas Bar No. 24045189
                austin@a2xlaw.com
                **Carter T. Hastings** (*pro hac vice anticipated*)
                Texas Bar No. 24101879
                carter@a2xlaw.com
                101 N. Shoreline Blvd, Suite 610
                Corpus Christi, Texas 78401
                Telephone: (361) 452-1279
                Facsimile: (361) 452-1284

                ***Attorneys in Charge for Plaintiff and Putative Collective/Class Members***

# Exhibit A

## CONSENT TO JOIN WAGE CLAIM

Print Name: Grace L Garza-Laureles

1. I hereby consent to participate in a collective action lawsuit against **Lab Logistics/Bio Touch and any subsidiaries and/or affiliates** to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I understand that this lawsuit is brought under the Fair Labor Standards Act, and consent to be bound by the Court's decision.

3. I designate the law firm and attorneys at ANDERSON ALEXANDER, PLLC as my attorneys to prosecute my wage claims.

4. I intend to pursue my claim individually, unless and until the Court certifies this case as a collective action. I agree to serve as the Class Representative if the Court so approves. If someone else serves as the Class Representative, then I designate the Class Representative(s) as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting the litigation, the entering of an agreement with the Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

5. I authorize the law firm and attorneys at ANDERSON ALEXANDER, PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against the company.

Signature: _____ Date: 3/14/26 10:52 CDT